IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE WASHINGTON POST** )<br>1150 15th Street, N.W. )<br>Washington, DC 20071, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>**DEPARTMENT OF HOMELAND** )<br>　**SECURITY**, )<br>Washington, DC 20528, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Defendant. )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿) | Civil Action |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

　　1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Plaintiff seeks injunctive and declaratory relief 1) to invalidate a determination by defendant Department of Homeland Security that records sought by plaintiff are not subject to disclosure under the FOIA; 2) to preserve the records sought by plaintiff pending the resolution of this lawsuit; and 3) to compel the expedited disclosure of the requested records.

**Jurisdiction and Venue**

　　2. This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**The Parties**

3. Plaintiff WP Company LLC d/b/a The Washington Post (the "Post") publishes a newspaper with a daily average paid circulation of approximately 724,240 and a Sunday average paid circulation of approximately 960,680. The Post's principal place of business is in the District of Columbia.

4. Defendant Department of Homeland Security ("DHS") is a department of the Executive Branch of the government of the United States. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). The United States Secret Service is a component of defendant DHS.

**The Post's FOIA Request, Request for Expedited
Processing, and Correspondence with the Secret Service**

5. By letter to the Secret Service dated June 12, 2006, the Post requested under the FOIA copies of agency records. Specifically, the Post requested:

> a) All records and visitor logs, including WAVES and/or ACR records, from October 2004 to present, reflecting or concerning the entries and/or exits of any persons who sought or were scheduled to visit the following people in the Office of the Vice President: Vice President Cheney; David Addington, I. Lewis "Scooter" Libby, C. Dean McGrath, Steven Schmidt, John Hannah, Eric Edelman, Ron Christie, Victoria Nuland, Aaron Friedberg, Stephen Yates Samantha Ravich, and David Wurmser. Pertaining to the WAVES records, this request includes, but is not limited to, the portion of the WAVES records that lists the name of the person who is visiting, the room number visited, and the name of the person who arranged the visit with the Secret Service; [and]

> b) All records and visitor logs, including WAVES and/or ACR records, from October 2004 to present, reflecting or concerning the entries and/or exits of any persons, other than the members of the Cheney family, visiting the vice-president's residence. Pertaining to the WAVES records, this request includes, but is not limited to, the portion of the WAVES records that lists the name of the person who is visiting, where the person went and the name of the person who arranged the visit with the Secret Service.

6. In its letter to the Secret Service dated June 12, 2006, the Post requested "expedited processing" of its FOIA request, noting that there is "an urgency to inform the public" about the activities reflected in the requested records for two distinct reasons. First, the Post asserted that the requested records "will help the public understand the degree to which lobbyists and special interest representatives may have influenced policy decisions of the Bush administration and in particular the positions taken by the Office of the Vice President." The Post noted that "[t]he relationship between administration officials and lobbyists has emerged as a significant issue in the wake of the ongoing scandals involving lobbyists Jack Abramoff as well as various members of Congress, and of course in the controversy over Vice President Cheney's role in setting federal energy policy." Second, the Post asserted that "[t]he vice-president's office – and the contacts it had – is under scrutiny in the CIA-leak case currently under investigation by special prosecutor Patrick Fitzgerald." The Post noted that "[t]he public interest in the CIA leak case will only intensify as Scooter Libby's criminal trial approaches."

7. With respect to the specific need for an expedited response to its FOIA request, the Post stated in its letter of June 12, 2006, to the Secret Service that "the consequences of delaying a response would compromise a significant public interest. With the midterm elections looming, any delay in processing this request would deprive the public of its ability to make its views known in a timely fashion either at the polls, by lobbyist or through other contacts with public officials."

8. By letter to the Post dated June 16, 2006, the Secret Service issued its initial determination to deny the Post's request for expedited processing of its FOIA request. The Secret Service stated that "[i]f you disagree with our determination, you have the

right of administrative appeal within 35 days ….." The agency further stated: "Please be advised we are processing your request. Your continued patience is appreciated."

       9. By letter to the Secret Service dated July 12, 2006, the Post appealed the agency's initial determination to deny its request for expedited processing. In its appeal letter, the Post reiterated that the "urgency [for expedited disclosure] stems from both the pendency of the mid-term elections and the commencement of Mr. Libby's criminal trial early next year," and noted that "[g]iven that the election will occur first (in early November), our right to expedited process of [our] FOIA request will effectively be lost if the requested material is not processed and released prior to the election."

       10. By letter to the Post dated August 31, 2006, the Secret Service issued its decision on the Post's appeal and stated that "it is the determination of the Secret Service that your appeal is granted and that expedited treatment is appropriate in this matter." The agency further stated that "the Secret Service's Freedom of Information and Privacy Acts Office has initiated a search for records."

       11. By letter to the Secret Service dated September 5, 2006, counsel for the Post inquired about the status of the Post's FOIA request. Counsel noted that the "request was received by the Secret Service on June 12, and has now been pending without response for approximately 60 working days," and stated that "[i]n light of the fact that the agency now agrees that the request is legally entitled to expedited processing, such a delay is unacceptable." Counsel requested from the agency "either your assurance that processing will be completed immediately or 'credible evidence' that such action is 'truly not practicable.'"

12. On September 6, 2006, Letita Huff of the Secret Service called counsel for the Post in response to counsel's inquiry concerning the status of the Post's FOIA request. Ms. Huff stated that the agency was "continuing" to work on the request, and that given the "scale" of the request, it would take the agency some time to complete its processing. Ms. Huff refused to provide counsel for the Post even an estimated completion date.

13.  By letter to the Post dated September 20, 2006 (but not received by the Post until October 2), the Secret Service asserted as follows:

> The records you seek are not agency records subject to the FOIA.  These records are governed by the Presidential Records Act, 44 U.S.C. § 2201 et seq., and remain under the exclusive legal custody and control of the White House and the Office of the Vice President.  Accordingly, the United States Secret Service lacks the authority to provide such records in response to your request.

The Secret Service did not inform the Post of any right of administrative appeal with respect to its determination.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

14.  Plaintiff repeats and realleges paragraphs 1-13.

15.  The Post has exhausted the applicable and available administrative remedies with respect to the Secret Service's determination of its FOIA request.

16.  Defendant DHS and its component, the Secret Service, have wrongfully withheld the requested records from the Post.

17.  The Post is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

**Requested Relief**

WHEREFORE, plaintiff prays that this Court:

A. issue a declaration that the records sought by the Post in this action constitute "agency records" subject to the Freedom of Information Act;

B. order defendant DHS and its component, the Secret Service, to preserve the records sought by the Post in this action pending final disposition of this litigation;

C. order defendant DHS and its component, the Secret Service, to process immediately the requested records in their entirety;

D. order defendant DHS and its component, the Secret Service, upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to plaintiff;

E. provide for expeditious proceedings in this action;

F. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

G. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

\_\_\_/s/_____
DAVID L. SOBEL
D.C. Bar No. 360418

1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009
(202) 246-6180
sobel@att.net

6

        ERIC N. LIEBERMAN
        D.C. Bar No. 436331

        The Washington Post
        1150 15th Street, N.W.
        Washington, DC 20071
        (202) 334-6017

        Counsel for Plaintiff

06-1737
RMU

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

The Washington Post

**DEFENDANTS**

Department of Homeland Security

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__ 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David L. Sobel
1875 Connecticut Avenue, N.W.
Suite 650
Washington, DC 20009    (202) 246-6180

CASE NUMBER 1:06CV01737

JUDGE: Ricardo M. Urbina

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 10/10/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one in a corresponding Nature of Suit**)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**G. Habeas Corpus/ 2255**
- [ ] 530 Habeas Corpus-General
- [ ] 510 Motion/Vacate Sentence

**H. Employment Discrimination**
- [ ] 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**I. FOIA/PRIVACY ACT**
- [X] 895 Freedom of Information Act
- [ ] 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**J. Student Loan**
- [ ] 152 Recovery of Defaulted Student Loans (excluding veterans)

**K. Labor/ERISA (non-employment)**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Labor Railway Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**L. Other Civil Rights (non-employment)**
- [ ] 441 Voting (if not Voting Rights Act)
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 American w/Disabilities-Employment
- [ ] 446 Americans w/Disabilities-Other

**M. Contract**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholder's Suits
- [ ] 190 Other Contracts
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**N. Three-Judge Court**
- [ ] 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**
- (●) 1 Original Proceeding
- ( ) 2 Removed from State Court
- ( ) 3 Remanded from Appellate Court
- ( ) 4 Reinstated or Reopened
- ( ) 5 Transferred from another district (specify)
- ( ) 6 Multi district Litigation
- ( ) 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 552, improper witholding of agency records

**VII. REQUESTED IN COMPLAINT**  [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
**JURY DEMAND:**   YES [ ]   NO [X]

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES [ ]   NO [X]   If yes, please complete related case form.

DATE  Oct. 10, 2006   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

