# EXHIBIT 5

*The Washington Post v. Department of Homeland Security*

Motion for a Preliminary Injunction

# The Washington Post

1150 15™ STREET, N.W.
WASHINGTON, D.C. 20071
(202) 334-6000

ERIC N. LIEBERMAN
DEPUTY COUNSEL & DIRECTOR OF GOVERNMENT AFFAIRS
(202) 334-6017
FAX (202) 334-5075
E-MAIL: liebermane@washpost.com

September 5, 2006

**BY FACSIMILE – 202-406-5154**

Kathy J. Lyerly
Special Agent In Charge
FOIA/PA Officer
U.S. Secret Service
245 Murray Drive, Building 410
Washington, DC 20223

Re: FOIA File Numbers 20060351 - 20060364

Dear Special Agent Lyerly:

I am writing to find out the status of the Freedom of Information Act request bearing the above-listed file numbers. By letter dated August 31, 2006 (attached hereto), Secret Service Deputy Director Brian K. Nagel granted The Washington Post's appeal of your June 16, 2006 determination denying our request for expedited processing. Mr. Nagel further advised me to direct any inquiries concerning this matter to your office.

The disclosure request was received by the Secret Service on June 12, and has now been pending without response for approximately 60 working days. In light of the fact that the agency now agrees that the request is legally entitled to expedited processing, such a delay is unacceptable. I call your attention to a recent ruling of the U.S. District Court that establishes an agency's obligations under such circumstances:

> [T]he court concludes that an agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request "as soon as practicable." That is, a *prima facie* showing of agency delay exists when an agency fails to process an expedited FOIA request within the time limit applicable to standard FOIA requests.
>
> The presumption of agency delay raised by failing to respond to an expedited request within twenty days is certainly rebuttable if the agency

Kathy J. Lyerly
September 5, 2006
Page 2

presents credible evidence that disclosure within such time period is truly not practicable.

*Electronic Privacy Information Center v. Department of Justice*, 416 F.Supp.2d 30, 39 (D.D.C. 2006).

The law is clear that the agency's failure to complete its processing of The Post's request constitutes an unlawful delay. While, as the court's decision provides, an agency may present "credible evidence" that compliance with an expedited FOIA request within the standard 20 working days "is truly not practicable," it appears doubtful that the Secret Service could make the requisite showing. According to the Department of Homeland Security's 2005 annual FOIA report, the Secret Service reported *no* requests requiring expedited processing. As such, I assume that The Post's request is likely to be one of very few expedited matters (if not the only one) currently pending in your office.

Given the agency's acknowledgement that there is an "urgency to inform the public" about the information we seek, and its failure to expedite our request in the legally required manner, I am requesting either your assurance that processing will be completed immediately or "credible evidence" that such action is "truly not practicable."

If you would like to discuss this matter directly, please feel free to contact me at (202) 334-6017. I would appreciate your prompt response, and appreciate your consideration.

Very truly yours,

Eric Lieberman

Eric Lieberman

Attachment



U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE
August 31, 2006

Eric N. Lieberman
Deputy Counsel and Director of Government Affairs
The Washington Post
1150 15th St., N.W.
Washington, DC 20071

     Re:    Freedom of Information Act Appeal – File Nos. 20060351-20060364

Dear Mr. Lieberman:

     Reference is made to your letter dated July 12, 2006, and received by the United States Secret Service (Secret Service) the same day. Through this letter, you appeal the June 16, 2006 determination of Special Agent in Charge, Kathy J. Lyerly, Secret Service Freedom of Information and Privacy Acts Officer, denying the expedited processing of Ms. Jo Becker's Freedom of Information Act requests set forth above. Reference is further made to Ms. Becker's conversations with Latita Huff, Secret Service Disclosure Officer, on August 24, 2006, regarding the status of these requests and appeal.

     Having reviewed your letter, it is the determination of the Secret Service that your appeal is granted and that expedited treatment is appropriate in this matter. As Ms. Becker was advised by Ms. Huff, the Secret Service's Freedom of Information and Privacy Acts Office has initiated a search for records.

     Please be advised that any future correspondence concerning these requests should be directed to the Freedom of Information and Privacy Acts Office.

                                    Sincerely,

                                      Brian K. Nagel
                                      Deputy Director