IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WASHINGTON POST,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-1737 (RMU)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF FILING**

The attached Declaration of Paul S. Morrissey supplements Mr. Morrissey's previously-filed declarations with information that has become available since he provided those declarations.

Dated: December 12, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Branch Director

OF COUNSEL:

MOLLY WEBER
United States Secret Service

    /s
ELIZABETH J. SHAPIRO

1

(D.C. Bar No. 418925)
Assistant Branch Director
JAMES J. GILLIGAN
(D.C. Bar No. 422152)
Assistant Branch Director

JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. #7224
P.O. Box 883 Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 514-3489
Facsimile:  (202) 616-8202
E-mail:  justin.sandberg@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WASHINGTON POST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 06-1737 (RMU) |

THIRD DECLARATION OF PAUL S. MORRISSEY
DEPUTY ASSISTANT DIRECTOR
UNITED STATES SECRET SERVICE

I, Paul S. Morrissey, hereby make the following declaration:

1. I previously submitted two declarations in this action dated October 13, 2006, and October 25, 2006. This third declaration is intended to provide the Court with information made available to me since the filing of my prior declarations. The statements made herein are based on my personal knowledge or information made available to me in my official capacity.

Background Check Information

A. Secret Service Form (SSF) 1888 and Related Files

2. In the course of further preparation for the litigation of this case, an additional category of records potentially responsive to the Washington Post's ("Post's") Freedom of Information Act (FOIA) request was identified. This new category comprises electronic records known as SSF 1888s concerning those who enter the White House Complex and related paper records known as work orders and 622, 623, and certain 624 and 628 files.

3. I have been advised that the Secret Service creates and uses a SSF 1888 as part of the background investigation process for determining whether, and under what conditions, an individual should be admitted to the White House Complex. A SSF 1888 is created for two groups of individuals who enter the White House Complex: 1) workers, i.e., people who are coming to the White House in relation to a work order (e.g., to fix a broken copier); and 2) visitors whom the Secret Service determines, on the basis of a background check, have certain criminal histories, but who nevertheless are to be allowed access (although sometimes with escort) to the Complex.

4. Relatedly, I have been advised that the Secret Service maintains several sets of paper files associated with the electronic SSF 1888s concerning those who enter the Complex:

- 622 files are created for workers whose background checks reveal no criminal histories, and they typically contain paper copies of SSF 1888s along with other documents primarily related to the background check.

- 623 files are created for workers and other prospective visitors whose background checks reveal certain criminal histories, and they typically include paper copies of SSF 1888s along with other documents primarily related to the criminal history information of the worker or visitor. 623 files also sometimes include information about the planned visit such as that contained in a WAVES record, e.g., its scheduled time and location within the Complex.

- Potentially responsive sets of records in 624 files are those files concerning workers (and possibly visitors) who were previously permitted access to the Complex but for whom a determination has subsequently been made to deny the individual access to

the Complex for security reasons. If an excluded individual has been the subject of a 622 or 623 file, the contents of that file could be contained within a 624 file.

- Potentially responsive sets of records in 628 files are those files concerning workers who were previously permitted access to the Complex but whom the Executive Office of the President (EOP) Security Office or the White House Military Office (WHMO) have subsequently requested be excluded from the Complex. If an excluded individual has been the subject of a 622 or 623 file, the contents of that file could be contained within a 628 file.

- In separate files, the Secret Service also maintains White House Complex work orders which may contain the names of workers and the dates for which access is requested.

5. In order to search these records, I have been advised that the Secret Service would need to search each of the estimated 2,883 unique visitor names identified in the search for WAVES records responsive to the Post's FOIA request. These names would have to be entered one at a time into the SSF 1888 database. If an SSF 1888 is located for a particular visitor name, the Secret Service would then use the file number on the electronic record to locate any related paper file. Difficulties could arise, however, with attempting to match found SSF 1888s (and paper files) with the WAVES records responsive to the Post's FOIA request. For example, the SSF 1888 does not include the appointment date, and the dates on the SSF 1888 may be difficult to match up with the dates on the WAVES record. Additionally, the SSF 1888 does not list the visitee, and there may be SSF 1888s that relate to visits made by the 2,883 visitors at issue to

people other than those listed in the Post's request. Further, there may be SSF 1888s for individuals with the same names as the visitors to one of the visitees listed in the Post's request.

B. <u>Hit Reports at the Vice President's Residence (VPR)</u>

6. In the course of further preparation for this litigation, an additional category of potentially responsive records has also been identified at the VPR. With respect to background check information at the VPR, I have been advised that the Secret Service maintains background check results on certain persons for whom VPR access is requested. I referred to this information in paragraph 13 of my October 13, 2006 declaration in this matter. When an individual's background check returns information of protective interest, the Secret Service Uniformed Division officer completing the background check creates a cover memorandum regarding the results as well as a determination regarding whether, and under what conditions, the individual is to be given access to the VPR. This memorandum is attached to the background check results and filed as a "hit" report.

<u>Newly-Located Documents</u>

7. I have been advised that since my October 25, 2006 declaration, Secret Service Uniformed Division officers at the VPR have discovered additional daily access lists and paper copies of requests for admission in places where such documents are not normally stored. A number of these documents pre-date the dates I referred to in paragraph 19 of my October 25, 2006 declaration. As explained in paragraph 13 of my October 13, 2006 declaration, it is the understanding between the Secret Service and the Office of the Vice President (OVP) that documents of this nature generated during the visitor clearance and entry process to the VPR are

under the control of the OVP.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge and belief.

12/12/06
Date

Paul S. Morrissey
Deputy Assistant Director
Office of Protective Operations
United States Secret Service